# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

SUHAIL A CHAUDHRY,

    Debtor.

Case No. 09-14435-RGM
(Chapter 13)

## **MEMORANDUM OPINION**

THIS CASE is before the court on the debtor's motion to extend the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B). The debtor previously filed a petition in this court under chapter 7 of the Bankruptcy Code. That petition was pending within one year prior to the filing of the present case. The debtor received a discharge in the prior case and the prior case was closed, having been fully administered.

Section 362(c)(3)(A) of the Bankruptcy Code provides that:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

The debtor filed this motion to extend the automatic stay in the belief that §362(c)(3)(A) applied to this case. At argument of the motion, and upon further reflection, counsel suggested that the motion was unnecessary. Section 362(c)(3)(A), he suggested, does not apply in this case because the debtor's prior case was closed after having been fully administered, not dismissed.

Counsel is correct. The provisions of §362(c)(3) do not apply. There is a difference between a case that is closed and one that is dismissed. This is clear from the plain language that Congress chose and the problem it sought to solve. Congress sought to discourage serial filings, particularly where the debtor merely seeks to frustrate creditors' collection efforts by invoking the automatic stay with no real intent to allow the case to be fully administered and obtain a discharge. *See* H.R. Rep. No. 109-31, at 69-70 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 138. To accomplish this, Congress distinguished between those debtors who may require, in good faith, additional relief in a second filing from those who seek only the temporary protection of the automatic stay by premising the early termination of the automatic stay in §362(c)(3) (one case pending within the prior year) and the non-imposition of the automatic stay in §362(c)(4) (two or more cases pending within the prior year) on dismissal of the prior cases.

There is a difference between dismissing and closing a case. *See* 11 U.S.C. §§349 and 350. If a case is dismissed, the case is not fully administered. Actions taken may be undone. Avoided transfers are reinstated, liens avoided under §506(d) are reinstated and certain orders entered in the case are vacated. Property of the estate is revested in the entity in which the property was vested immediately before the commencement of the case. None of this occurs if a case is closed. A case is closed after the estate is fully administered. Avoided transfers and liens remain avoided. Property of the estate that was transferred remains transferred. *See In re Anderson*, 2008 WL 4186873, 2008 Bankr. LEXIS 3764 (Bankr.E.D.Va. Sept. 10, 2008) (citing *In re Archer*, 264 B.R. 165, 168 (Bankr.E.D.Va. 2001))*; In re Forletta,* 397 B.R. 242 (Bankr.E.D.N.Y. 2008); *In re Williams,* 390 B.R. 780 (Bankr.S.D.N.Y. 2008).

The motion in this case is unnecessary because §362(c)(3) is not applicable. The automatic

stay became effective upon the filing and does not expire under §362(c)(3).

Alexandria, Virginia
July 6, 2009

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

John D. Sawyer
Thomas P. Gorman

15293